UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------X

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

U.S. FOODSERVICE, INC.,

        Defendant.

------------------------------------------------X

10 Civ. 6782 (JFK)

STIPULATION AND ORDER OF SETTLEMENT

## I. PARTIES

This Stipulation and Order of Settlement ("Stipulation and Order") is entered into by the United States of America (the "United States" or "Plaintiff"), by its attorney, Preet Bharara, United States Attorney for the Southern District of New York, and defendant U.S. Foodservice, Inc. ("USF" or "Defendant").

## II. PREAMBLE

As a preamble to this Stipulation and Order, the United States and USF (collectively, the "Parties") state the following:

    A.    USF is a food distribution company with its headquarters in Rosemont, Illinois. Between 2000 and 2007, USF was owned by Royal Ahold, N.V. ("Ahold") a Dutch company headquartered in Amsterdam.

    B.    Between 2000 and 2005, USF was awarded various federal government contracts, including multiple prime vendor contracts to supply foodservice products and services to various U.S Department of Defense ("DOD") installations across the United States. In 2002, USF purchased Alliant Foodservice, Inc., which had entered into a prime vendor contract in 2001 with

the U.S. Department of Veterans Affairs ("VA") to provide food to various VA facilities across the United States.

    C.      The United States has asserted that it has various claims against Defendant, including claims for breach of contract, unjust enrichment, and violations of the False Claims Act, 31 U.S.C. §§ 3729-33, arising from the federal government's purchase and USF's sale of foodservice products and services during 2000-2005, whether through a prime contract, subcontract, purchase order, or other agreement (collectively, the "Contracts"). These claims are described in further detail in the Complaint (the "Federal Complaint"), a copy of which is attached as Exhibit A. Hereinafter, the conduct outlined in this paragraph and in the Federal Complaint shall be referred to as the "Covered Conduct."

    D.      Defendant represents that it no longer does business with six vendors, referred to as "Value Added Service Providers" (or "VASPs"), which are described in more detail in the Federal Complaint.

    E.      The United States Attorney's Office for the Southern District of New York ("USAO-SDNY") commenced an investigation into potential criminal wrongdoing involving USF in February 2003. The USAO-SDNY first contacted counsel for USF regarding its investigation into potential civil liability arising from the Covered Conduct on February 23, 2005. The USAO-SDNY was aware that certain conduct of the VASPs and/or USF could give rise to civil and/or criminal liability prior to that date.

    F.      Defendant admits no wrongdoing, fault or liability related to the Covered Conduct or as related to any possible claims or causes of action referred to in Section II.C above.

Defendant denies any and all allegations of wrongdoing in the Federal Complaint and maintains that it has charged the federal government pursuant to the terms and conditions of the Contracts.

G. To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation, the Parties desire to reach a full and final settlement and compromise of the Covered Conduct pursuant to the Terms and Conditions below. This Stipulation and Order, the execution and performance of any obligation under it, including any payments, or the fact of the settlement, is not intended to be, and shall not be understood as, an acknowledgement of responsibility, admission of any liability or wrongdoing, or other expression reflecting upon the merits of the dispute by the Defendant.

NOW THEREFORE, in reliance on the representations contained herein and in consideration of the mutually negotiated promises, covenants, and obligations in this Stipulation and Order, and for good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, the Parties agree as follows:

### III. TERMS AND CONDITIONS

1. Defendant agrees to pay the United States the sum of $30,000,000.00 (thirty million dollars) (the "Settlement Amount") within twenty (20) business days of the Effective Date, as defined herein. Defendant shall pay the full Settlement Amount via electronic funds transfer to the United States pursuant to written instructions that have been provided to Defendant by the United States Attorney's Office for the Southern District of New York.

2. Subject to the exceptions in Paragraph 5 below, in consideration of the obligations of the Defendant as set forth in this Stipulation and Order, and conditioned upon Defendant's timely payment in full of the Settlement Amount, and subject to Paragraph 10 below (concerning

bankruptcy proceedings commenced within 91 days of the Effective Date of this Stipulation and Order or any payment made pursuant to this Stipulation and Order to the Defendant), the United States (on behalf of itself, its officers, agents, employees, agencies and instrumentalities, and departments) fully and finally releases and discharges Defendant, its predecessors, successors, members, shareholders, current and former parents (including, but not limited to, Ahold), affiliates, and direct and indirect subsidiaries, divisions, business groups or units, and all of its and each such entities' current and former officers, directors, trustees, employees, agents, and representatives (collectively "the Released Persons and Entities"), from any civil or administrative monetary claim the United States has or may have for the Covered Conduct

3. Defendant fully and finally releases the United States, its agencies, departments, employees, servants and agents from any claims (including attorneys' fees, costs, and expenses of any kind and however denominated), which Defendant has asserted, could have asserted, or may assert in the future against the United States or its agencies, departments, employees, servants and agents related to the Covered Conduct, the United States' investigation and prosecution thereof, and this Stipulation and Order (except to enforce the terms hereof).

4. This Stipulation and Order is intended to be for the benefit of the Parties and the Released Persons and Entities only. The Parties do not release any claims against any other person or entity, except as expressly provided by this Stipulation and Order.

5. Notwithstanding any term of this Stipulation and Order, specifically reserved and excluded from the scope and terms of this Stipulation and Order as to the Released Persons and entities are the following claims of the United States, as to which the Released Parties and Entities reserve the right to assert any and all defenses (except as otherwise agreed to herein):

    a.    Any civil, criminal or administrative liability arising under Title 26 of the United States Code (the "Internal Revenue Code");

    b.    Any criminal liability other than the criminal liability which was covered in the Non-Prosecution Agreement between the United States Attorney's Office for the Southern District of New York and Ahold and USF, dated September 25, 2006;

    c.    Except as explicitly stated in this agreement, any administrative liability including the suspension and debarment rights of any federal agency;

    d.    Any liability to the United States (or its agencies and departments) for any conduct other than the Covered Conduct;

    e.    Any liability based upon such obligations as are created by this Stipulation and Order;

    f.    Any liability for express or implied warranty claims or other claims for defective or deficient products or services, including quality of goods and services; and

    g.    Any liability for personal injury or property damage or for other consequential damages arising from the Covered Conduct; and

    h.    Any liability for failure to deliver goods or services due.

6.    In the event of a subsequent criminal prosecution or administrative action, Defendant waives and will not assert any defenses it may have based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Stipulation and Order bars a remedy sought in such criminal prosecution or administrative action. Nothing in this Paragraph or any other provision of this Stipulation and Order constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of the Internal Revenue laws, Title 26 of the United States Code.

7.    Defendant shall be in default of this Stipulation and Order if the full Settlement Amount set forth in Paragraph 1 is not paid on or before its due date. If the Settlement Amount is not timely paid in full, interest shall accrue on the unpaid portion of the Settlement Amount at the rate of 12% per

annum compounded daily from the date of default. In the event of a default, the United States, at its option, may: (i) seek specific performance of the Stipulation and Order; (ii) seek entry of a Judgment; or (iii) exercise any other rights granted by law, or under the terms of this Stipulation and Order, or recognizable at common law or in equity.

8. Defendant warrants that it has reviewed its financial situation and that it currently is solvent within the meaning of 11 U.S.C. §§ 547(b)(3), and 548(a)(1)(B)(ii), and shall remain solvent following payment to the United States of the Settlement Amount. Further, each Party warrants that, in evaluating whether to execute this Stipulation and Order, they (a) have intended that the mutual promises, covenants, and obligations set forth herein constitute a contemporaneous exchange for new value given to Defendant, within the meaning of 11 U.S.C. § 547(c)(1), and (b) conclude that these mutual promises, covenants, and obligations do, in fact, constitute such a contemporaneous exchange. Further, the Parties warrant that the mutual promises, covenants, and obligations set forth herein are intended to and do, in fact, represent a reasonably equivalent exchange of value that is not intended to hinder, delay, or defraud any entity to which Defendant was or became indebted to on or after the date of this transfer, within the meaning of 11 U.S.C. § 548 (a)(1).

9. If within 91 days of the Effective Date of this Stipulation and Order or of any payment made pursuant to this Stipulation and Order, Defendant commences, or a third party commences, any case, proceeding, or other action under any law relating to bankruptcy, insolvency, reorganization, or relief of debtors, (i) seeking to have any order for relief of Defendant's debts, or seeking to adjudicate Defendant as bankrupt or insolvent; or (ii) seeking appointment of a receiver, trustee, custodian, or other similar official for Defendant or for all or any substantial part of Defendant's assets, Defendant agrees as follows:

a. Defendant's obligations under this Stipulation and Order may not be avoided pursuant to 11 U.S.C. § 547, and Defendant shall not argue or otherwise take the position in any such case, proceeding, or action that: (i) Defendant's obligations under this Stipulation and Order may be avoided under 11 U.S.C. §§ 547 or 548; (ii) Defendant was insolvent at the time this Stipulation and Order was entered into, or became insolvent as a result of the payment made to the United States hereunder; or (iii) the mutual promises, covenants, and obligations set forth in this Stipulation and Order do not constitute a contemporaneous exchange for new value given to Defendant.

b. If Defendant's obligations under this Stipulation and Order are avoided for any reason, including, but not limited to, through the exercise of a trustee's avoidance powers under the Bankruptcy Code, the United States, at its sole option, may rescind the releases in this Stipulation and Order, and bring any civil and/or administrative claim, action, or proceeding against Defendant for the claims that would otherwise be covered by the releases provided in Paragraph 2, above. Defendant agrees that (i) any such claims, actions, or proceedings brought by the United States are not subject to an "automatic stay" pursuant to 11 U.S.C § 362(a) as a result of the action, case, or proceedings described in the first clause of this Paragraph, and Defendant shall not argue or otherwise contend that the United States' claims, or proceedings are subject to an automatic stay; (ii) Defendant shall not plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any such civil or administrative claims, actions, or proceedings that are brought by the United States within 90 calendar days of written notification to Defendant that the releases have been rescinded pursuant to this Paragraph; and (iii) the United States may pursue its claim in the case, action, or proceeding referenced in the first clause of this Paragraph, as well as in any other case, action, or proceeding.

c. Defendant acknowledges that the agreements in this Paragraph are provided in exchange for valuable consideration provided in this Stipulation and Order.

d. Nothing in this Paragraph constitutes a determination or acknowledgment that any claim of the United States against Defendant would be dischargeable in bankruptcy.

10. Defendant agrees to the following:

a. <u>Unallowable Costs Defined</u>: that all costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47) incurred by or on behalf of Defendant, and its present or former officers, directors, employees, shareholders, and agents in connection with:

 (1) the matters covered by this Stipulation and Order and any related plea agreement;

 (2) the United States' audit(s) and civil and any criminal investigation(s) of the matters covered by this Stipulation and Order;

 (3) Defendant's investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and civil and any criminal investigation(s) in connection with the matters covered by this Stipulation and Order (including attorney's fees);

 (4) the negotiation and performance of this Stipulation and Order and any Plea Agreement;

 (5) the payment Defendant makes to the United States pursuant to this Stipulation and Order, including costs and attorneys fees, are "Unallowable Costs" for government contracting purposes (hereinafter referred to as "Unallowable Costs").

      b. <u>Future Treatment of Unallowable Costs</u>: Unallowable Costs will be separately determined and accounted for by Defendant, and Defendant shall not charge such Unallowable Costs directly or indirectly to any contracts with the United States.

      c. <u>Treatment of Unallowable Costs Previously Submitted for Payment</u>: Defendant further agrees that within 90 days of the Effective Date of this Stipulation and Order it shall identify any Unallowable Costs (as defined in this Paragraph) included in payments previously sought by Defendant or any of its subsidiaries or affiliates from the United States. Defendant agrees that the United States, at a minimum, shall be entitled to recoup from Defendant any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs in any such payments. Any payments due shall be paid to the United States pursuant to the direction of the Department of Justice and/or the affected agencies. The United States reserves its rights to disagree with any calculations submitted by Defendant or any of its subsidiaries or affiliates regarding any Unallowable Costs included in payments previously sought by Defendant, or the effect of any such Unallowable Costs on the amount of such payments.

      d. Nothing in this Stipulation and Order shall constitute a waiver of the rights of the United States to audit, examine, or re-examine Defendant's books and records to determine that no Unallowable Costs have been claimed in accordance with the provisions in this Paragraph.

11.    Each Party shall bear its own legal and other costs incurred in connection with this matter, including in connection with the preparation and performance of this Stipulation and Order.

12.    This Stipulation and Order is governed by the laws of the United States. The Parties agree that the exclusive jurisdiction and venue for any dispute arising between and among the Parties

under this Stipulation and Order will be the United States District Court for the Southern District of New York and Defendant consents to personal jurisdiction over it in that court.

13. Unless otherwise explicitly stated in writing, this Stipulation and Order constitutes the full and complete agreement between the Parties with respect to the matters covered herein. This Stipulation and Order may not be amended except by written consent of the Parties.

14. Defendant represents that this Stipulation and Order is freely and voluntarily entered into without any degree of duress or compulsion whatsoever.

15. For purposes of construction, this Stipulation and Order shall be deemed to have been drafted by all Parties to this Stipulation and Order and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

16. This Stipulation and Order is binding on Defendant's successors, transferees, heirs, and assigns.

17. All parties consent to the United States' disclosure of this Stipulation and Order to the public.

18. The individuals signing this Stipulation and Order on behalf of Defendant represent and warrant that they are authorized by Defendant to execute this Stipulation and Order.

19. The United States signatories represent that they are signing this Stipulation and Order in their official capacities and that they are authorized to execute this Stipulation and Order.

20. This Stipulation and Order may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same agreement.

21.   The "Effective Date" of this Stipulation and Order is the date this Stipulation and Order is entered by the Court.

Dated:   New York, New York
         September 10, 2010

>                    PREET BHARARA
>                    United States Attorney for the
>                    Southern District of New York
>                    Attorney for the United States of America
>
> By:   _/s/_____
>       MARA E. TRAGER
>       JEFFREY S. OESTERICHER
>       JOSEPH N. CORDARO
>       Assistant United States Attorneys
>       86 Chambers Street -- 3rd Floor
>       New York, New York 10007
>       Tel. No.: (212) 637-2799, 2698, 2745
>       Fax No.: (212) 637-2702

Dated:   New York, New York
         September 9, 2010

>                    U.S. FOODSERVICE, INC.
>                    Attorneys for Defendant
>
> By:   _/s/_____
>       JULIETTE W. PRYOR
>       9399 West Higgins Road, Suite 500
>       Rosemont, Illinois 60018
>       Tel. No.: (847) 720-8013
>       Fax No.: (480) 293-2705

Dated: New York, New York
September 13, 2010

SO ORDERED:

_____
HON. John F. Keenan, U.S.D.J.